**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TIM LONG PLUMBING, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**  4:20-cv-00042 |
| | § | |
| **KINSALE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT KINSALE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Kinsale Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

**I.      BACKGROUND**

1.      On November 19, 2019, Tim Long Plumbing, Inc. ("Tim Long") filed suit against Kinsale in district court in Denton County, Texas, bearing Case No: 19-10926-442. A complete copy of the complaint with all exhibits is attached as Composite Exhibit "A."

2.      In essence, the complaint alleges Tim Long is owed coverage by Kinsale for repairs made at a residential property it worked on as a plumbing subcontractor. The property was built by Lewis & Early Construction, LLC ("Lewis & Early"). (Compl., ¶ 8.) Tim Long was the subcontractor who performed the plumbing work. (¶13.) On February 21, 2018, the owners of the property noticed a water leak. (¶11.) On February 28, 2018, Lewis and Early determined the leak emanated from a pipe in the master bedroom and had caused substantial damage to the property. (¶12.) Tim Long allegedly submitted a claim for the cost of repairing the property to Kinsale. (¶13.) Kinsale, according to the complaint, approved the claim through its independent adjuster. (¶14.)

Relying on the alleged approval of the claim, Lewis and Early repaired the property and subsequently submitted its invoice to Kinsale. (¶18.) But Kinsale ultimately refused to pay the invoices. (¶20.)

3.      In its complaint, Tim Long alleges causes of action for (1) breach of contract,  (2) breach of fiduciary duty, (3) breach of the duty of good faith and fair dealing, (4) insurance code violations, (5) deceptive trade practices, and (6) violation of the prompt payment of claims act against Kinsale. (¶¶31-63). Tim Long also seeks compensatory damages, statutory prevailing party attorney's fees, and exemplary damages from Kinsale. (¶¶62-5.)

4.      Importantly, Tim Long alleges that by January 31, 2019, months before filing its complaint, its damages already amounted to $73,910.10. (¶28.)

5.      Kinsale issued a commercial general liability policy to Tim Long Plumbing, Inc., as the named insured, under a policy bearing Policy No: 0100026431-3, and effective from 01/29/2018 to 01/29/2019. The policy provides a $1,000,000 of insurance for each wrongful act and a $2,000,000 aggregate limit.

## II.      STANDARD OF REMOVAL

6.      Removal is appropriate because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

7.      In removal cases, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Where the plaintiff has not pled a specific amount of damages to satisfy diversity jurisdiction, the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. *Id.*

8.      In this case, the record establishes that this Court has jurisdiction.

### III.   THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

9.      Kinsale was at all times, including the time this action was commenced, and notice filed, an Arkansas corporation with its principal place of business in Richmond, Virginia. Kinsale is accordingly a citizen of both Arkansas and Virginia.

10.     Tim Long was at all times, including the time this action was commenced, and this notice filed, a Texas corporation with its principal place of business in Haslet, Texas. Tim Long is accordingly a citizen of Texas.

### IV.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11.     On January 31, 2019, Tim Long demanded $73,910.10 from Kinsale. This demand was made approximately 10 months before the complaint was filed. In its complaint, Tim Long seeks statutory prevailing party attorney's fees from Kinsale. Tim Long likely incurred more than $1,089.90 in attorney's fees since January 31, 2019. Accordingly, Tim Long's damages more than likely exceed $75,000 at the time of this removal.[1]

12.     In its complaint, Tim Long also seeks exemplary damages from Kinsale. When exemplary damages are added, Tim Long's damages certainly exceed $75,000.[2]

### V.   THE NOTICE OF REMOVAL IS TIMELY

13.     On December 18, 2019, Tim Long served its complaint on the Texas Commissioner of Insurance. The complaint was forwarded to Kinsale on December 20, 2019. Pursuant to U.S.C. § 1446(b), this notice is accordingly timely since it was filed within thirty days of Kinsale's receipt of the pleading.

14.     Because the plaintiff and the defendant are citizens of different states, and because the

---

[1]  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 270, 723 (5th Cir. 2002) (When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.).
[2]  *Bates v. N. Laminack*, 938 F. Supp.2d 649, 654 (S.D. Texas 2013) (Exemplary damages and statutory attorney's fees are included in calculating the amount in controversy for purposes of establishing diversity of jurisdiction.).

amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees, and costs, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

15.     Pursuant to U.S.C. § 1446(b) a copy of all process, pleadings, and order that Kinsale has received are attached as Composite Exhibit "A."

16.     A copy of the notice was promptly filed with the clerk of the circuit court, Denton County, Texas, and served on all interested parties.

## VI.     CONCLUSION

17.     Kinsale, under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully requests that this Court remove this action, which is currently pending in District Court of Denton County, Texas.

Respectfully Submitted,

*/s/ Lisa M. Henderson*
LISA M. HENDERSON
State Bar No. 24025423
lisa.henderson@clydeco.us
CLYDE & CO US LLP
10440 N. Central Expressway, Suite 800
Dallas, TX  75231
Telephone:     214.540.7539
Facsimile:     214.540.7540

ATTORNEYS FOR DEFENDANT KINSALE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served on all counsel of record via ECF Notification on this 17th day of January, 2020.

*/s/ Lisa M. Henderson*
LISA M. HENDERSON

# EXHIBIT A

E-Served via EFile.TXCourts.gov on
12/16/2019 2:12 PM

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                              COUNTY OF DENTON

### CAUSE NO. 19-10926-442

**TO: Kinsale Insurance Company, by and through its agent for service Commission of Insurance, TDI Service Center, 333 Guadalupe, Room 103, Austin, TX 78701; Kinsale Insurance Company, 2221 Edward Holland Drive, Suite 600, Richmond, VA 23230; (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 442nd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 19-10926-442 |
| Date of Filing: | 11/19/2019 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Tim Long Plumbing, Inc; Kinsale Insurance Company |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Curt M. Covington<br>1010 W. Ralph Hall Pkwy., Suite 100, Rockwall, TX 75032 |

Issued under my hand and seal of this said court on this the 16th day of December, 2019.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _Lea Francher_
Lea Francher

---

### Service Return

Came to hand on the _____ day of _____, 20___, at _____m, and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at _____

Service Fee: $ _____              _____ Sheriff/Constable

                                          _____ County, Texas

Service ID No. _____          _____
                                          Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___
                                          _____Notary Public

FILED: 11/19/2019 2:00 PM
David Trantham
Denton County District Clerk
By: Kelly Smith, Deputy

Cause No. 19-10926-442

| | | |
|---|---|---|
| TIM LONG PLUMBING, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | DENTON COUNTY, TEXAS |
| KINSALE INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Tim Long Plumbing, Inc. ("Plaintiff") files its Original Petition complaining of Defendant Kinsale Insurance Company as follows:

### I.
### DISCOVERY

1.     Discovery in this case will be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.   The damages sought are currently less than $100,000.00, though, as the matter progresses, could surpass that amount.

### II.
### PARTIES

2.     Plaintiff is a Texas corporation with its principal place of business located at 195 CR 4840, Haslet, Texas 76052.

3.     Defendant Kinsale Insurance Company is located at 2221 Edward Holland Drive, Suite 600, Richmond, Virginia 23230 and may be served with process by serving its agent for service the Commissioner of Insurance, TDI Service Center, 333 Guadalupe, Room 103, Austin, Texas 78701.

### III.
### JURISDICTION AND VENUE

4.     The amount in controversy is within the jurisdictional limits of this Court.   Venue is proper in Denton County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim pursuant to Section 15.002 of the Texas Civil Practice and

Remedies Code.

## IV.
### COMPLIANCE WITH RULE 47

5.      Rule 47(a). Short statement of the causes of action.   Plaintiff, a residential and commercial plumbing contractor, purchased a commercial general liability insurance policy from Defendant.   Plaintiff filed an insurance claim for damages incurred from a water leak at a home on which Plaintiff performed plumbing work as a subcontractor.   Defendant failed to timely investigate and/or pay Plaintiff's insurance claim which caused Plaintiff's damages.

6.      Rule 47(b).   The damages sought are within the jurisdictional limits of the court.

7.      Rule 47(c).   Plaintiff seeks monetary relief less than $100,000.00, though, as the matter progresses, could surpass that amount.

## V.
### BACKGROUND FACTS

8.      This case involves an insurance claim filed by Plaintiff for sums due and owing for repairs made to a home located at 1124 Crepe Myrtle Lane, Argyle, Texas (the "Home") built by Lewis & Earley Construction, LLC.

9.      Plaintiff purchased a commercial general liability insurance policy from Kinsale Insurance Company ("Kinsale") with a policy period from 01/29/2018 to 01/29/2019 (the "Policy") attached hereto as **Exhibit A**.   The Policy provides in pertinent part the following:

- Kinsale will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to which this insurance applies.[1]

- This insurance applies to "property damage" only if the "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

- Exclusion:   "Property damage" to that particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it.   This exclusion does not apply to "property damage" included in the "products-completed operations hazard."[2]

- "Property damage" means physical injury to tangible property, including all

---

[1] Ex. A § I.1.a.
[2] Ex. A § I.2.j.6.

resulting loss of use of that property.   All such loss of use shall be deemed to occur at the time of the physical injury that caused it.[3]

- "Products-completed operations hazard" includes all "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work."[4]

- "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition.[5]

- Your product means (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (a) You; (b) Others trading under your name; or (c) A person or organization whose business or assets you have acquired; and (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.[6]

- Your Work: a. means (1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations.   b. Includes (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work.[7]

10.     The Policy also excludes voluntary payment by the insured.[8]

11.     On or about February 21, 2018, the owners of the Home notified Brian Earley, the general contractor and builder of the Home, of a leak in the Home.

12.     On or about February 28, 2018, Mr. Earley inspected the home and discovered a leaking pipe behind the vanity in the master bathroom.   Mr. Early also determined there was substantial water damage to the master bedroom, master bathroom, and master closet, including, but not limited to the flooring, base boards, vanity, cabinet, walls, doors, and shelves.

13.     On or about March 13, 2018, Plaintiff submitted an insurance claim to Kinsale for a water leak at the Home on which Plaintiff performed work as the plumbing subcontractor.

14.     On or about March 19, 2018, Defendant acknowledged the claim via its Acknowledgement of Claim letter (the "Acknowledgment").   In the Acknowledgement, Defendant

---

[3] Ex. A § V.17.a.
[4] Ex. A § V.16.a.
[5] Ex. A § V.13.
[6] Ex. A § V.21.a.
[7] Ex. A § V.22.
[8] Ex. A § IV.2.d.

stated that it had hired Devon Thyme of Parker & Associates, LLC, an independent adjusting company, to "assist Kinsale in our investigation of this matter."

15.     Based on the Acknowledgment and the behavior of Thyme and Kinsale, Kinsale intentionally conferred authority on Thyme as agent, intentionally allowed Thyme to believe he had authority, and/or, through lack of due care, allowed Thyme to believe he had authority to act on behalf of Kinsale.

16.     Alternatively, Kinsale affirmatively held out Thyme as having authority to act on Kinsale's behalf, knowingly permitted Thyme to hold himself out as having authority, and/or acted with such a lack of ordinary care as to clothe Thyme with the indicia of authority. Kinsale's conduct caused Plaintiff to reasonably believe that Thyme had authority to act on Kinsale's behalf, and Plaintiff justifiably relied on Thyme's authority.

17.     On or about March 29, 2018, Mr. Thyme inspected and photographed the Home. Mr. Earley was present during Mr. Thyme's inspection.   Since there was a water leak in the wall, there was some urgency to the repairs to mitigate additional damages and ensure there would not be additional claims and expenses.   Before performing repairs, Mr. Earley asked Mr. Thyme if he could proceed with the repairs to the Home.   Mr. Thyme answered "Yes."   Based on this conversation, Mr. Earley began repairing the Home.

18.     In June 2018, Mr. Earley provided Thyme all invoices and receipts supporting $62,606.86 in costs associated with work done to the Home to repair the leak.

19.     On or about August 2, 2018, Mr. Thyme indicated to Plaintiff that the claim would be paid, he had a check ready, and was wanting to pay the homeowner. He wrote "The homeowner is the one who suffered the damages to his property.   This is how the law sees it. Thus, the carrier's obligation is to the homeowner.   It then becomes his responsibility to pay his contractors.   If I'm not mistaken, in a repair contract, there can be a 'direction to pay' clause, where the homeowner can authorize payment to his contractor, but that would be between the homeowner and Brian."

20. On or about August 21, 2018, Kinsale wrote that it had not accepted or rejected the claim. Kinsale wanted to proceed with testing the failed product which caused the leak. When Plaintiff asked whether the testing had anything to do with Kinsale accepting or rejecting coverage, Kinsale stated that it did not know.

21. On or about August 27, 2018, Kinsale wrote "should it be determined this loss was the result of a defective product, we would direct you ... to follow up with the manufacturer of the product. Our forensic engineer ("Nelson Forensics") will be analyzing/inspecting the fitting this week. To the extent the expert's analysis does not reveal conditions consistent with a defective product, Kinsale would then evaluate liability as to Tim Long Plumbing as it pertains to this loss. Unfortunately, I cannot accurately predict the timeframe as there are potential variable conditions for which I have no control over; however, I would anticipate at least another week, if not two."

22. On or about September 4, 2018, Plaintiff learned that the Manufacturer's insurance company would participate in Kinsale's study of the failed fitting.

23. On or about October 10, 2018, Plaintiff followed up with Defendant regarding the status of the claim and Kinsale responded it was waiting to hear back from Nelson Forensics regarding the failed fitting and that once it had additional information, it would be back in touch.

24. On or about October 15, 2018, Kinsale advised Plaintiff that Nelson Forensics found a pinhole crack in the fitting and asked if Plaintiff used air pressure to check for leaks in combination with a leak solution.

25. On October 16, 2018, Defendant acknowledged that Plaintiff paid out over $62,000 for the repair of the Home. Defendant asked for copies of all invoices.

26. On or about October 18, 2018, October 23, 2018, October 25, 2018, and November 13, 2018, Plaintiff followed up with Defendant regarding the status of the claim and asked when payment would be forthcoming. At that time, Plaintiff was served with a Reservation of Rights letter from Defendant.

27. On or about November 27, 2018, Plaintiff again requested an update on the status

of the claim.   Defendant responded that additional testing on the failed fitting was being coordinated with the Manufacturer's expert.

28.   On or about January 31, 2019, via the below counsel, Plaintiff sent a letter to Defendant regarding the claim and demanded payment in the amount of $73,910.10 for the claim, interest, and attorneys' fees.

29.   On or about February 8, 2019, Plaintiff, via its counsel of record, received a Disclaimer of Coverage letter on the basis of Plaintiff's voluntary payment for the repair of the damages to the Home.

30.   Per the terms of the Policy, coverage should have been granted on Plaintiff's claim because the property damage was the result of an accident on premises owned by someone other than Plaintiff and arose from a part furnished in connection with Plaintiff's work as a plumbing company.

## VI.
### CAUSES OF ACTION

**A.   Breach of Contract.**

31.   All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

32.   Plaintiff had a valid and enforceable contract with Defendant in the form of the Policy.   Plaintiff is the proper party to sue on the Policy.   Plaintiff performed all of its obligations under the Policy.

33.   Despite multiple demands, Defendant refused to grant coverage on Plaintiff's claim and refused to pay Plaintiff for all losses, costs, and expenses that Plaintiff incurred to repair the damage to the Home.

34.   Defendant breached its obligations contained in the Policy when it failed to grant coverage on Plaintiff's claim.

35.   As a direct and proximate result of Defendant's breach, Plaintiff has incurred and

will incur actual damages in excess of the minimum jurisdictional limit of this Court for which Plaintiff seeks recovery from Defendant.

**B.    Breach of Fiduciary Duty.**

36.    All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

37.    Defendant owed Plaintiff fiduciary duties arising from the relationship formed by virtue of the Policy.   Defendant breached its fiduciary duties to Plaintiff through Defendant's inadequate claim investigation and inappropriate claim handling.   Defendant's breach caused injury to Plaintiff.

**C.    Breach of the Duty of Good Faith and Fair Dealing.**

38.    All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

39.    Defendant owed Plaintiff a duty of good faith and fair dealing arising from the relationship formed by virtue of the Policy.   Defendant breached its duty of good faith and fair dealing to Plaintiff when it denied payment on Plaintiff's insurance claim when liability was reasonably clear.   Defendant's breach caused injury to Plaintiff.

**D.    Insurance Code Violations.**

40.    All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

41.    Defendant's inadequate claim investigation and inappropriate claim handling violates the following provisions of Chapter 541 of the Texas Insurance Code:

a.    Defendant engaged in unfair settlement practices with the respect to a claim by an insured.   TEX. INS. CODE § 541.060.

b.    Defendant misrepresented to a claimant a material fact or policy provision relating to coverage at issue.   TEX. INS. CODE § 541.060(a)(1).

c.    Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.   TEX. INS. CODE § 541.060(a)(2)(A).

d.     Defendant failed to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. TEX. INS. CODE § 541.060(a)(3).

e.     Defendant failed within a reasonable time to: affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder. TEX. INS. CODE § 541.060(a)(4).

f.     Defendant refused, failed, or unreasonably delayed a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy. TEX. INS. CODE § 541.060(a)(5).

g.     Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim. TEX. INS. CODE § 541.060(a)(7).

h.     Defendant's unfair claim settlement practices pursuant to TEX. INS. CODE §§ 542 *et seq.*

42.     All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to its detriment and the above-described representations, acts, conduct, and omissions of Defendant constitute practices in violation of the Texas Insurance Code and were a direct, proximate, and producing cause and responsibility of Plaintiff's actual damages in an amount in excess of the minimum jurisdictional limits of the Court. Said conduct was done intentionally and knowingly, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

43.     Plaintiff has timely notified Defendant of such complaint pursuant to the Texas Insurance Code and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

44.     Accordingly, Plaintiff is entitled to the relief set forth in Section 541.52 of the Texas Insurance Code including:

a.     The amount of actual damages, plus court costs and reasonable and necessary attorney's fees;

b.     Any order enjoining the act or failure to act complained of; and

c.     Any other relief the court determines is proper.

E.      **Deceptive Trade Practices.**

45.      All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

46.      Plaintiff is a consumer as defined in Section 17.45 of the Texas Deceptive Trade Practices and Consumer Protection Act (the "DTPA").   Plaintiff purchased the Policy and Defendant used or employed false, misleading, and deceptive acts or practices in its inadequate investigation and inappropriate claims handling practices.

47.      Defendant's acts and conduct as described above and relied upon by Plaintiff to its detriment, constitute unfair and deceptive acts or practices under Section 17.46(b) of the Texas Business & Commerce Code and the Texas Insurance Code.

48.      Violations of the DTPA require that Defendant:

      a.      represented that the Policy had characteristics, uses, or benefits it did not have.   Tex. Bus. & Com. Code § 17.46(b)(5);

      b.      represented that the Policy confers or involves rights, remedies, or obligations that it does not.   Tex. Bus. & Com. Code § 17.46(b)(12);

      c.      committed any unconscionable action or course of action;

      d.      used or employed an act or practice in violation of Chapter 541 of the Texas Insurance Code; or

      e.      violated one of the "tie-in" consumer statutes, as authorized by Texas Business & Commerce Code Section 17.50(h), which are classified as "false, misleading, or deceptive acts, or practices."

49.      Defendant's actions were a producing cause of Plaintiff's damages.

50.      Deceptive Insurance Practices require:

      a.      Plaintiff is a "person" as defined by Section 541.002(2) of the Texas Insurance Code.

      b.      Defendant is a "person" as defined by Section 541.002(2) of the Texas Insurance Code.

      c.      Defendant engaged in an act or practice that violated:

          i.      Texas Insurance Code Chapter 541, subchapter B;

ii.     Texas Business & Commerce Code Section 17.46(b) and the plaintiff relied on the act or practice to its detriment; or

iii.    a tie-in provision of the Texas Insurance Code; and

d.      Defendant's act or practice was a producing cause of actual damages.

51.     The DTPA claim under Chapter 541 of the Texas Insurance Code requires both of the following:

a.      Defendant's act or practice violated Section 17.46(b) of the Texas Business and Commerce Code and Section 541.151(2) of the Texas Insurance Code.

b.      Plaintiff relied on Defendant's act or practice to its detriment.   TEX. INS. CODE § 541.151(2).

c.      Plaintiff complied the notice provision of § 541.154.

52.     Defendant's violations include, but are not limited to, all the conduct described herein plus Defendant's failure to fully honor Plaintiff's claim for insurance coverage and Defendant's failure to pay the insurance claim after liability had become reasonably clear. Specifically, Defendant has engaged in false, misleading, and deceptive acts or practices in the business of insurance and have breached the DTPA and the Texas Insurance Code as follows:

a.      Misrepresentations:

i.      Defendant represented that the Policy had characteristics, uses, or benefits it did not have.   TEX. BUS. & COM. CODE § 17.46(b)(5) and TEX. INS. CODE § 541.151.

ii.     Defendant represented that the Policy confers or involves rights, remedies, or obligations that it does not.   TEX. BUS. & COM. CODE § 17.46(b)(12) and TEX. INS. CODE § 541.151.

b.      Unconscionable conduct, actions, and course of actions.   TEX. BUS. & COM. CODE § 17.50(a)(1).

c.      Violations of Section 541 of the Texas Insurance Code (unfair settlement practices):

i.      Engaging in unfair settlement practices with respect to a claim by an insured Texas Insurance Code §541.060;

ii.     Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue Texas Insurance Code

§541.060(a)(1).

    iii.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear Texas Insurance Code §541.060(a)(2) (A); and

    iv.    Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim Texas Insurance Code §541.060(a)(3).

    d.    Failing to timely handle the claim in violation of Section 542 of the Texas Insurance Code.

    e.    Violations of Sections 17.46 and 17.50 of the Texas Business & Commerce Code:

    i.    Representing to Plaintiff that Defendant's policies and Defendant's investigative and claims handling practices had characteristics or benefits that they did not have.   TEX. BUS. & COM. CODE § 17.46(b)(5);

    ii.    Representing to Plaintiff that Defendant's policies and Defendant's investigative and claims handling practices were of a particular standard, quality or grade when they were of another.   TEX. BUS. & COM. CODE § 17.46(b)(7);

    iii.    Representing to Plaintiff that Defendant's policies and Defendant's investigative and claims handling practices conferred or involved rights, remedies, or obligations that they did not have.   TEX. BUS. & COM. CODE § 17.46(b)(12)

    iv.    Engaging in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. TEX. BUS. & COM. CODE § I7.50(a)(3);

    v.    Defendant's conduct, acts, omissions and failures, as described in this Petition are unfair practices in the business of insurance.   TEX. BUS. & COM. CODE § 17.50(a)(4) of the DTPA.

53.    All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to its detriment and the above-described representations, acts, conduct, and omissions of Defendant constitute unfair methods of competition and unfair and deceptive acts or practices in violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act

and were a direct, proximate, and producing cause and responsibility of Plaintiff's actual damages in an amount in excess of the minimum jurisdictional limits of the Court. Said conduct was done intentionally and knowingly, for which Plaintiff should recover additional damages a provided by the Texas Insurance Code and the Deceptive Trade Practices Act.

**F.** **Unconscionable/Knowingly/Intentionally**

54. All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

55. Plaintiff would further show that Defendant's conduct set forth above constitutes misrepresentations, unconscionable actions, and violations of the DTPA and Texas Insurance Code, all of which were done knowingly, intentionally, and with malice.

56. Under the Texas Insurance Code, conduct engaged in knowingly requires actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based. Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness. Tex. Ins. Code § 541.002(1).

57. Under the DTPA, conduct engaged in knowingly requires actual awareness at the time of the conduct of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with the Policy. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness. Tex. Bus. & Com. Code § 17.45(9).

58. Conduct engaged in intentionally requires actual awareness of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with an insurance policy, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception, or detrimental ignorance of the unfairness. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally or may be inferred from facts showing that the person acted with such flagrant disregard of prudent and fair business practices that the person should be treated as having acted

intentionally. TEX. BUS. & COM. CODE § 17.45(13).

59. Malice requires:

    a.    A specific intent by Defendant to cause substantial injury to Plaintiff; or

    b.    An act or omission by Defendant,

        i.    which when viewed objectively from the standpoint of Defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

        ii.    of which Defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

60. Defendant's breach of the duty of good faith was also done intentionally, knowingly, and with malice in total disregard for the rights of Plaintiff.

61. Defendant has taken advantage of the lack of expertise of Plaintiff to a grossly unfair degree. As a result of Defendant's wrongful conduct, Plaintiff is entitled to all damages including mental anguish, statutory, treble, punitive, and exemplary damages as provided by the DTPA, the Texas Insurance Code, and common law.

**G.    Violation of the Prompt Payment of Claims Act**

62. All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim. Plaintiff would further show that Defendant violated the Prompt Payment of Claims Act, §§ 542.055, 542.056, and 542.057, Subchapter B of the Texas Insurance Code, by failing to timely and/or properly:

    a.    Acknowledge, investigate or request information about the claim;

    b.    Accept, reject or extend time to decide the claim;

    c.    Pay the claim.

63. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the Texas Insurance Code including:

    a.    The amount of the claim;

b.   Interest on the amount of the claim at the rate of 18 percent a year as damages; and

c.   Necessary attorneys' fees.

## VII.
### ATTORNEYS' FEES

64.   All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.   As a result of the above-described conduct of Defendants, Plaintiff has been forced to obtain the services of the undersigned attorneys.   Plaintiff has presented its claim to Defendants.   Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees and expenses incurred herein.

## VIII.
### EXEMPLARY DAMAGES

65.   All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.   Plaintiff would further show that Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff and Defendant's misrepresentations that were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for Defendant's wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## IX.
### CONDITIONS PRECEDENT

66.   All conditions precedent and necessary to the institution of this action have been met or have occurred.

## X.
### JURY DEMAND

67.     Plaintiff hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tim Long Plumbing, Inc. respectfully requests that Defendant be cited to appear and answer herein, and upon final adjudication Plaintiff have judgment against Defendant for recovery of its damages of $62,606.86 together with pre-judgment and post-judgment interest at the highest lawful rate; mental anguish and economic damages; exemplary damages, punitive, statutory, and treble damages; all penalties assessable under the Texas Insurance Code and the DTPA;   attorneys' fees and expenses in the trial court and on any appeal therefrom; costs of court; and such other and further relief to which Plaintiff may show itself to be justly entitled.

<div style="margin-left:40%">

Respectfully submitted,

LAMBERTH RATCLIFFE COVINGTON PLLC

*/s/ Curt M. Covington*
Curt M. Covington
State Bar No. 24053648
curt@lrclegal.com
Lisa Turner
State Bar No. 24083993
lisa@lrclegal.com
1010 W Ralph Hall Pkwy., Suite 100
Rockwall, TX  75032
Telephone:   (469) 698-4300
Facsimile:   (469) 698-4037

**ATTORNEYS FOR PLAINTIFF
TIM LONG PLUMBING, INC.**

</div>